UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARCUS LEWIS, JR.,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
RALPH LISBY,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Plaintiffs,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀No. 1:21-cv-01186-SEB-DLP
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
JONATHAN HENDERSON,⠀⠀⠀⠀⠀⠀)
CITY OF INDIANAPOLIS, INDIANA,⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀)

## ORDER

This matter comes before the Court on the Plaintiffs' Motion to Compel

Discovery from Defendants, Dkt. [61]. The motion was referred to the Undersigned

for ruling and, for the reasons that follow, is hereby **GRANTED IN PART** and

**DENIED IN PART**.

### I.⠀⠀⠀Background

Plaintiff Marcus Lewis and his girlfriend, Ashlynn Lisby, were walking on

the northbound shoulder of State Road 37/Harding Street on May 6, 2020. (Dkt. 70

at 2). Defendant Jonathan Henderson was operating his police vehicle northbound

on State Road 37/Harding and, around 9:24 p.m., struck Ms. Lisby with his vehicle.

Ms. Lisby and her unborn child were pronounced dead at the hospital. (Id. at 2-5).

The Plaintiffs, Ms. Lisby's boyfriend and father, bring claims of wrongful death of a

child and negligent infliction of emotional distress. (Id. at 5-7).

1

On October 12, 2021, Plaintiffs served discovery requests on the Defendant, City of Indianapolis. (Dkt. 61 at 2). Defendant responded to the outstanding discovery requests on December 3, 2021. (Id.). Plaintiffs took issue with several of the Defendant's responses and conducted multiple meet and confers on this topic. (Id. at 2-5). In keeping with the Court's discovery order, Plaintiffs filed the present Motion to Compel on March 11, 2022. (Dkt. 61). Defendants filed a response on March 25, 2022 and Plaintiffs filed a reply on March 25, 2022 as well. (Dkts. 63, 64). The Court later discussed this motion at the July 8, 2022 discovery conference.

## II.    Legal Standard

Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial. 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44-45 (2d ed. 1994). To effectuate these purposes, the federal discovery rules are liberally construed. *Spier v. Home Ins. Co.*, 404 F.2d 896 (7th Cir. 1968). See also 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44 (2d ed. 1994).

Rule 26 of the Federal Rules of Civil Procedure permits the discovery of nonprivileged matter "that is relevant" to a party's claim or defense and "proportional" to the needs of a case, considering the importance of the issues at stake, the importance of the discovery in resolving those issues, the amount in controversy, and the weighing of burdens and benefits. *See* Rule 26(b)(1). "Discovery must hew closely to matters specifically described in the complaint lest discovery, because of its burden and expense, become the centerpiece of litigation strategy."

2

*McCartor v. Rolls-Royce Corp.*, No. 1:08-cv-00133-WTL-DML, 2013 WL 5348536, at *7 (S.D. Ind. Sept. 24, 2013).

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)-(3). The party opposing a motion to compel has the burden to show the discovery requests are improper and to explain *precisely* why its objections are proper given the broad and liberal construction of the federal discovery rules. *In re Aircrash Disaster Near Roselawn, Inc. Oct. 31, 1994*, 172 F.R.D. 295, 307 (N.D. Ill. 1997); *Cunningham v. Smithkline Beecham*, 255 F.R.D 474, 478 (N.D. Ind. 2009).

Rule 26(b)(2)(C) requires the Court to limit the extent of discovery if it finds that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . . or . . . is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). Federal Rule 26(b), describing the scope and limits of discovery, was amended effective December 1, 2015, to once again protect against over-discovery and to emphasize judicial management of the discovery process. *United States ex rel. Conroy v. Select Med. Corp.*, 307 F. Supp. 3d 896 (S.D. Ind. 2018). Magistrate judges enjoy extremely broad discretion in controlling discovery. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013).

Requests for production are governed by Federal Rule of Civil Procedure 34, which provides that requests "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The

responding party must then "either state that inspection and related activities will

be permitted as requested or state with specificity the grounds for objecting to the

request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Any objections must also

"state whether any responsive materials are being withheld on the basis of that

objection," but "[a]n objection to part of a request must specify the part and permit

inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

## III.   Discussion

In their motion, Plaintiffs request that this Court order the Defendants to

provide full and complete responses to Request for Production Nos. 1-7, 28, and 36.

(Dkt. 61 at 5). After participating in the July 8, 2022 discovery conference,

Defendants filed a notice stating that they withdraw any argument related to

prejudice due to a lack of case management deadlines, but that they stand behind

their arguments related to Request for Production Nos. 3, 4, 5, and 36. (Dkt. 93).

### a. Request for Production No. 1

Request for Production No. 1 states:

> Please produce a copy of every written, videotaped, or recorded
> statement in your possession given by the Plaintiff or anyone on behalf
> of the Plaintiff, Jonathan Henderson, or any other police officer or
> witness of any kind relating to the subject accident.

(Dkt. 63-1 at 2). Defendants' response states:

> See attached in folder "1". Defendants have requested additional
> materials responsive to this request and will supplement upon receipt.

(Id.). Defendants' response brief states that any and all witness statements are

relevant and should be produced, but that Defendants were "attempting to gather

numerous investigation files from the IMPD Special Investigations Unit, Internal

Affairs Unit, and the Vehicle Operations Board to confirm whether or not any

recorded statements exist . . . ." (Dkt. 63 at 7). Defendants provide no other

objections to Request No. 1. The Court notes that Defendants have had

approximately eleven months to confirm whether or not any statements related to

the subject accident exist and that a request for this information is relevant and

proportional to the needs of the case. As such, Plaintiffs' Motion to Compel this

request is **granted**, and Defendants shall respond fully on or before **September 14,**

**2022**.

### b. Request for Production No. 2

Request for Production No. 2 states:

Please produce a copy of every report (including all versions and draft
reports) generated by Defendants related in any way to the subject
accident, including but not limited to the following:

(1) Field Deputy Report(s);
(2) Indiana Officer's Standard Crash Report(s);
(3) Accident Review Board Report(s);
(4) Internal Affairs Report(s); and
(5) Accident Reconstruction Report(s) related to the subject accident,
including but not limited to any report or draft report prepared by Doug
Heustis.

(Dkt. 63-1 at 2). Defendants' response states:

See attached in folder "2."

(Id). Defendants' response brief indicates that all documents in the undersigned

counsel's possession have been provided to the Plaintiffs – the ultimate question,

however, is not whether the documents are in possession of counsel, but in

possession of the party. *See* Fed. R. Civ. P. 34. Defendants' brief does not seem to

address whether any responsive materials are in the Defendants' possession – as

noted previously, Defendants have had eleven months to respond to this request

and their investigations should have enabled them to provide a more complete

response. Accordingly, Plaintiffs' Motion to Compel a response to No. 2 is **granted**,

and Defendants shall respond fully on or before **September 14, 2022**.

### c. Request for Production No. 6

Request for Production No. 6 states:

Please produce a copy of all receipts for anything of value provided by any agents, employees or representatives of the Defendants to the Plaintiff, or any family member of Ashlynn Lisby, following the subject accident, including but not limited to receipts for lodging, transportation, meals, funeral or burial services, or reimbursement for any of these items.

(Dkt. 63-1 at 3). Defendants' response states:

Defendants are not aware of anything responsive to this request.

(Id.). Defendants' response brief indicates that they are not aware of anything of

value provided to Plaintiff or the decedent's family by any IMPD officer, but also

states that "to the extent that such funds or things of value were provided to Lewis

by an individual officer, it would have been out of the individual officer's own pocket

and out of the kindness of the officer's own heart." (Dkt. 63 at 12). Defendants go on

to state that "this will be a continuing point of development for discovery as it

continues within the timeframes of discovery imposed by the Court" and "the

parties can likely find an answer to Lewis' question as discovery develops." (Id.).

The Defendants have had eleven months to investigate this question and it stands

to reason that those investigations should result in the Defendants being able to provide a more definitive answer to this request. As such, Plaintiffs' Motion to Compel this request is **granted** and the Defendants are ordered to supplement this response on or before **September 14, 2022**.

### d. Request for Production No. 7

Request for Production No. 7 states:

> Please produce copies of all photos and video taken of the scene of the subject accident, the patrol vehicle involved, or any other item or thing related to the subject accident.

(Dkt. 63-1 at 3). Defendants' response states:

> See attached in folder labelled [sic] "7."

(Id.). Defendants' response brief indicates that all videos in the Defendants' possession have been produced to the Plaintiff. (Dkt. 63). As such, Plaintiffs' Motion to Compel this request must be **denied**. Defendants are reminded, however, of their duty to supplement their responses under the Federal Rules of Civil Procedure.

### e. Request for Production No. 28

Request for Production No. 28 states:

> Please produce a copy of every document, note, memoranda, email, text message, statement (written or oral), transcript, diagram, sketch, photo, video or any other document created by all supervisors of Officer Henderson related to the subject accident.

(Dkt. 63-1 at 9). Defendants' response states:

> Defendants are attempting to gather any items responsive to this request and will supplement upon receipt.

(Id.). Defendants' discovery response was provided on December 3, 2021, and their response brief indicates that the relevant searches and investigation have yet to take place, but neither document provides an explanation for why this relevant and proportional discovery request has not been answered after eleven months. Accordingly, the Court **grants** Plaintiffs' Motion to Compel a full and complete response to Request for Production No. 28, and Defendants shall respond on or before **September 14, 2022**.

### f. Request for Production No. 3

Request for Production No. 3 states:

Please produce a copy of all cell phone billing statements covering the period of time including May 6, 2020, for any cell phone in Officer Jonathan Henderson's possession at the time of the subject accident, including but not limited to all incoming or outgoing phone calls and text messages on May 6, 2020.

(Dkt. 63-1 at 2). Defendants' response states:

Defendants do not have anything responsive to this request within their possession but will serve a non-party request and supplement this response upon receipt. (Id. at 3). Defendants' main argument in response to this request is that the parties will be able to work out the terms of a non-party request to Officer Henderson's cell phone provider.

(Dkt. 63 at 9). Defendants make no other objection to responding to this request. As such, the Court finds this request relevant and proportional to the needs of the case, and **grants** Plaintiffs' request. The parties shall work together, and Defendants shall issue a non-party request to Officer Henderson's cell phone provider on or before **September 14, 2022**.

8

### g. Request for Production Nos. 4 and 5

Request for Production No. 4 states:

> Please produce a screen shot of the call log showing all incoming and outgoing phone calls on May 6, 2020, for any cell phone in Officer Jonathan Henderson's possession at the time of the subject accident.

(Dkt. 63-1 at 3). Request for Production No. 5 states:

> Please produce a screen shot of all incoming and outgoing text messages on May 6, 2020, for any cell phone in Officer Jonathan Henderson's possession at the time of the subject accident.

(Id.). Defendants produced nothing in response to these requests, arguing that Rule 34 does not require them to affirmatively create a document for production, but instead merely requires them to produce documents currently in their possession. (Dkt. 63 at 9-11). Plaintiffs did not respond directly to this argument in reply. The Court agrees with the Defendants. Rule 34 "only requires a party to produce documents that exist at the time of the request; a party cannot be compelled to create a document for its production." *Geng v. Spencer*, 2020 WL 4557752, *6 (S.D. Ind. Aug. 6, 2020) (quoting *Acheron Med. Supply, LLC v. Cook Med. Inc.*, 2016 WL 5466309, *5 (S.D. Ind. Sep. 29, 2016)). Accordingly, the Court cannot order the Defendants to create a document to be produced. Moreover, as pointed out by the Defendants, this information will undoubtedly be contained in the records ultimately provided by Officer Henderson's cell phone provider, rendering these two discovery requests duplicative. As such, the Motion to Compel Request for Production Nos. 4 and 5 is **denied**.

### h. Request for Production No. 36

Request for Production No. 36 states:

Please produce Defendant Henderson's complete pre-employment file
with the City of Indianapolis and/or Indianapolis Metropolitan Police
Department.

(Dkt. 63-1 at 11). Defendants' response states:

Defendant has nothing responsive to this request.

(Id.). In their response brief, Defendants note that "Defendants produced nothing

because previous defense counsel presumably checked with the City and found no

'pre-employment file' for Officer Henderson." (Dkt. 63 at 14). Defendants go on to

state that "as a courtesy to Lewis and his counsel, undersigned counsel has made a

specific request for additional information on any 'pre-employment' files,

employment applications, background checks, or psychological evaluations which

might be in the City or IMPD's possession" and that "[t]his will be a continuing

point of development for discovery as it continues within the timeframes of

discovery imposed by the Court." (Id. at 15). Defendants raise no objections to the

subject matter or scope of this Request for Production, and the Court finds no issue

with this request. Accordingly, the Court finds it appropriate to **grant** Plaintiffs'

Motion to Compel as to this request. Defendants shall respond on or before

**September 14, 2022**.

### i. Sanctions

Although Plaintiffs' motion seeks reasonable attorney fees for having to

prepare this motion, at the July 8, 2022 discovery conference the Plaintiffs

10

withdrew their request for sanctions. Therefore, Plaintiffs' request for sanctions is **DENIED AS MOOT**. However, if the Defendants do not timely respond to Plaintiffs' Requests for Production as ordered herein, the Plaintiffs may renew their request for sanctions.

## IV. Conclusion

Accordingly, the Plaintiffs' Motion to Compel Discovery from Defendants, Dkt. [61], is **GRANTED IN PART** and **DENIED IN PART**. The motion to compel Request for Production Nos. 1, 2, 3, 6, 28, and 36 is **GRANTED**, and Defendants shall provide complete responses on or before **September 14, 2022**. The motion to compel Request for Production Nos. 4, 5, and 7 is **DENIED**. Plaintiffs' request for sanctions is **DENIED AS MOOT**.

So ORDERED.

Date: 9/6/2022

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email